**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4594**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL LEE CUTTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00053-MR-1)

Submitted: June 30, 2011                Decided: July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, David A. Thorneloe, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lee Cutter appeals the judgment imposed after he pleaded guilty to using a computer and the internet to persuade a person under the age of eighteen to engage in a sexual activity for which Cutter could be charged, in violation of 18 U.S.C. § 2422(b) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Cutter received ineffective assistance of counsel at sentencing. Cutter did not file a pro se supplemental brief and the Government elected not to file a brief. Finding no error, we affirm.

To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

This court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v.

2

Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). From the facts before us, it appears counsel objected to the eight-level sentencing enhancement, argued for a downward variance to the statutory minimum sentence, and performed adequately. We have reviewed the record and conclude that ineffective assistance of counsel does not conclusively appear on the face of the record.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cutter's conviction and sentence. This court requires that counsel inform Cutter, in writing, of the right to petition the Supreme Court of the United States for further review. If Cutter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cutter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED